## Supreme Tribe of Ben Hur v. Cosgrove.

(Decided October 30, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Fourth Division).

1. Insurance—Reinstatement—Habits of Insured—Evidence.—On the issue as to the state of health of the insured at the time he was reinstated after being dropped, proof of his intemperate habits between the date of the application for insurance and the date of the reinstatement, is incompetent without a showing that his health was thereby impaired.

2. Insurance—Declarations of Beneficiary—Evidence.—Declarations of the beneficiary in a certificate may be shown as substantive evidence; but declarations of her brother and sisters living in the house with her and the deceased, may not be shown as substantive evidence, unless at the time they were acting as agents of the deceased, and the declarations were made during the course of the agency.

3. Insurance—Payment of Dues.—Proof that $15 was borrowed to pay the dues of the deceased is competent with other facts tending to show haste in the matter of making the payment.

4. Insurance—Evidence.—Declarations of the beneficiary's sisters inconsistent with their testimony on the trial, may be shown in rebuttal to impeach the witnesses.

5. Insurance—What Not Competent in Action Upon Policy.—A judgment of the police court showing that the deceased had been fined on a charge of drunkenness and disorderly conduct after the date of the application, was incompetent.

ELMER C. UNDERWOOD for appellant.

D. MOXLEY for appellee.

Opinion of the Court by Chief Justice Hobson— Reversing.

Rosa Cosgrove was named as the beneficiary in the certificate of her brother, John T. Cosgrove, issued to him by the Supreme Tribe of Ben Hur, insuring his life in the sum of $2,000, and the Association refusing to pay her, she brought this suit to recover upon it. The defendant in defense of the action relied on certain an-

swers made by John T. Cosgrove in his application as to his being addicted to the intemperate use of intoxicants, and also relied on the fact that Cosgrove failed to pay his monthly assessments, and had been reinstated upon his signing an affidavit that he was in good health, when in fact he was sick, and his reinstatement had been procured by fraud. On a trial of the case, a large amount of testimony was heard, the trial resulting in a judgment in favor of the plaintiff. The defendant appeals.

1. The application for insurance was made on June 14, 1910. The defendant was allowed to introduce proof showing that the insured was intemperate at the time of the application, and had been for some time before that, but the court declined to allow proof as to his habits after the date of the application. There was a rule of the order providing that if a member became intemperate, he might be dropped by certain steps to be taken by the officers of the Association, but these steps were not taken, and so the habits of the insured after the date of the application would not defeat a recovery on the policy. It is insisted that the proof of his subsequent intemperate habits was competent as tending to show that he was not in good health when reinstated; but while intemperance may bring on bad health, it does not necessarily do so. The defendant was allowed to show that he was, at the time he was reinstated, in bad health; but the proof that he was in the habit of drinking to intoxication, after the date of the application, without a showing that his health was or naturally would be thereby bad when he was reinstated was properly refused.

2. Any statements made by Rosa Cosgrove may be proved as substantive evidence by the defendant, but the court properly ruled out declarations of her two sisters and brother, who lived in the same house with her and the deceased, as to the condition of his health at different times before his death. Her sister, Mrs. Rider, was the agent of her brother in having the insurance reinstated, and any declarations of Mrs. Rider in regard to this matter are competent, as in this matter she was acting for the deceased and declarations by her during the course of her agency are to be treated as declarations by him, and were properly admitted by the court. But declarations by Mrs. Rider as to other matters were properly excluded as substantive testimony.

The deceased failed to pay his dues in October. On January 23, he and Mrs. Rider appeared before a notary, and he made an affidavit as to his good health. On January 25, Mrs. Rider with another man went before the officer of the local lodge, and paid the dues which had been omitted. The defendant offered to show by one Wills that Mrs. Rider on January 24, or the day before this payment was made, borrowed $15 from him, saying she needed it to reinstate her brother's insurance. The court refused to allow this evidence. It should have been admitted as it was a part of the course of her agency in effecting the reinstatement of her brother's insurance. The fact that she borrowed the money on the 24th, the day after the affidavit was made and went on the 25th to reinstate the insurance, was a circumstance from which it might be inferred that there was need for haste in the matter. The defendant introduced proof showing that late in November Cosgrove had lost flesh, and looked like a sick man; soon after this he was confined to his house, and on December 29 the priest administered to him final unction, and that from this time until his death he was in a precarious condition. The borrowing of the $15 was a circumstance, which, with the other circumstances shown, warranted the conclusion that his family were in haste to have this insurance reinstated.

3. Her two sisters were introduced as witnesses for the plaintiff after the defendant, who was properly adjudged the burden, had closed its case. They testified that their brother was in good health in January at the time he was reinstated. In rebuttal the defendant offered to prove by a number of witnesses, declarations of these persons inconsistent with their testimony on the trial. This testimony was excluded by the court, and should have been admitted. It is insisted that the defendant was not prejudiced by this, but there was so much of it that we cannot say it might not have influenced the finding of the jury; for these persons lived in the house with the insured and knew the condition of his health, and if the jury had been satisfied they were swearing falsely, the jury might reasonably have found differently. The evidence was only competent to impeach the testimony of the witnesses, but it was competent for this purpose, and the court should have admitted it, so admonishing the jury. All the evidence offered of declarations inconsistent with their testimony on the trial should have been admitted in rebuttal; also

testimony contradicting their testimony as to any fact in the case.

4. The court properly refused to allow the defendant to read to the jury the judgment of the police court showing that the insured had been fined on February 21, 1911, on a charge of drunkenness or disorderly conduct. This threw no light on the case. That judgment was rendered in a prosecution against him by the Commonwealth, and was not competent for any purpose in this action.

For the errors indicated the judgment is reversed and cause remanded for a new trial.